I respectfully, albeit reluctantly, dissent from the majority opinion. I empathize with appellants' counsel's difficulty in preparing an App. R. 9(C) statement. Nonetheless, I believe an attempt to do so must be completed before this Court orders a reversal based upon the unavailability of a complete record. Noticeably absent in the majority's analysis and appellants' brief to this Court is an allegation appellants themselves are unable to assist their appellate counsel in preparing a Rule 9(C) statement from their recollection. In such absence, I am compelled to affirm the trial court's judgment based upon the presumption of regularity articulated in Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. I hasten to note I find the result reached by the majority to be a just one. I am as reluctant to affirm the trial court's decision as the majority is to reverse given the fundamental right of parents to raise their child. Although I know of no case that holds a parent in a termination of parental rights case is entitled to effective assistance of counsel or appellate counsel, I find no good reason not to so hold given the fact an indigent parent is entitled to appointed counsel and, as aptly noted by the majority, termination of parental rights is the family law equivalent of the death penalty in a criminal case.